Justin M. Gillman, Esq. (038891997)
**GILLMAN CAPONE LLC**
770 Amboy Avenue
Edison, New Jersey 08837
(732) 661-1664 (Tel.)
(732) 661-1707 (Fax)
ecf@gillmancapone.com (E-Mail)
Attorneys for Debtor-Defendant, Vivek Pandit

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| In re: | Case No. 24-16276-MEH |
| VIVEK PANDIT, | Chapter 13 |
| Debtor(s). | Adv. Proc. No. 24-01580 |
| ITREA VENTURES LLC, | |
| Plaintiff(s), | |
| v. | |
| VIVEK PANDIT, | |
| Defendant(s), | |

**ANSWER TO ADVERSARY COMPLAINT**

The Debtor and Defendant, Vivek Pandit (the "Debtor" or "Defendant"), by and through his undersigned counsel, files this Answer to the Complaint of the Plaintiff, Itria Ventures LLC, and and respectfully alleges, upon knowledge, information, and belief, as follows:

**NATURE OF THE ACTION**

1. Paragraph 1 of the Complaint consists of the Plaintiff's request for relief to which no response is required.

## PARTIES

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Defendant denies the allegations in Paragraph 3 of the Complaint as Plaintiff states incorrect address of Defendant. Defendant's current address is 3603 Cricket Circle, Edison, New Jersey 08820.

## JURISDICTION AND VENUE

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Defendant admits the allegations in Paragraph 7 of the Complaint.

## ALLEGATIONS COMMON TO EACH COUNT

8. Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations of Paragraph 9 of the Complaint.

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Defendant admits the allegations in Paragraph 11 of the Complaint.

12. Defendant admits the allegations in Paragraph 12 of the Complaint.

13. Defendant admits the allegations in Paragraph 13 of the Complaint.

14. Defendant admits the allegations in Paragraph 14 of the Complaint.

15. Defendant admits the allegations in Paragraph 15 of the Complaint but reserves the right to amend this response to the extent that Plaintiff references an agreement which is not supplied in support of the Complaint.

16. Defendant admits the allegations in Paragraph 16 of the Complaint.

17. Defendant admits the allegations in Paragraph 17 of the Complaint.

18. Defendant admits the allegations in Paragraph 18 of the Complaint but reserves the right to amend this response to the extent that Plaintiff references an agreement which is not supplied in support of the Complaint.

19. Defendant admits the allegations in Paragraph 19 of the Complaint.

20. Defendant admits the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations of Paragraph 21 of the Complaint.

22. Defendant denies the allegations of Paragraph 22 of the Complaint.

23. Defendant admits the allegations in Paragraph 23 of the Complaint.

24. Defendant admits the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

26. Defendant denies the allegations of Paragraph 26 of the Complaint.

27. Defendant denies the allegations of Paragraph 27 of the Complaint.

28. Defendant denies the allegations of Paragraph 28 of the Complaint.

29. Defendant denies the allegations of Paragraph 29 of the Complaint.

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

31. Defendant denies the allegations of Paragraph 31 of the Complaint.

32. Defendant denies the allegations of Paragraph 32 of the Complaint.

33. Defendant denies the allegations of Paragraph 33 of the Complaint.

34. Defendant admits the allegations in Paragraph 34 of the Complaint.

35. Defendant admits the allegations in Paragraph 35 of the Complaint.

36. Defendant admits the allegations in Paragraph 36 of the Complaint.

## AS TO COUNT ONE
(Non-Discharge pursuant to 11 U.S.C. § 523(a)(2)(A))

37. Defendant incorporates by reference each of its answers to the foregoing paragraphs as if fully set forth herein.

38. Defendant denies the allegations of Paragraph 38 of the Complaint.

39. Defendant denies the allegations of Paragraph 39 of the Complaint.

## AS TO COUNT TWO
(Non-Discharge pursuant to 11 U.S.C. § 523(a)(4))

40. Defendant incorporates by reference each of its answers to the foregoing paragraphs as if fully set forth herein.

41. Defendant denies the allegations of Paragraph 41 of the Complaint.

42. Defendant denies the allegations of Paragraph 42 of the Complaint.

43. Defendant denies the allegations of Paragraph 43 of the Complaint.

44. Defendant denies the allegations of Paragraph 44 of the Complaint.

45. Defendant denies the allegations of Paragraph 45 of the Complaint.

46. Defendant denies the allegations of Paragraph 46 of the Complaint.

47. Defendant denies the allegations of Paragraph 47 of the Complaint.

48. Defendant denies the allegations of Paragraph 48 of the Complaint.

## AS TO COUNT THREE
(Non-Discharge pursuant to 11 U.S.C. § 523(a)(6))

49. Defendant incorporates by reference each of its answers to the foregoing paragraphs as if fully set forth herein.

50. Defendant denies the allegations of Paragraph 50 of the Complaint.

51. Defendant admits the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations of Paragraph 52 of the Complaint.

53. Defendant denies the allegations of Paragraph 53 of the Complaint.

54. Defendant denies the allegations of Paragraph 54 of the Complaint.

55. Defendant denies the allegations of Paragraph 55 of the Complaint.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court dismiss this action and/or deny the relief requested and grant such other and further relief as this Court deems just and property considering the facts and circumstances of this case.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief can be granted because, among other issues, declaratory relief is dependent upon a substantive basis for liability and has no viability if there is no underlying cause of action on which the request for declaratory relief is based. See, e.g., *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1179 (5th Cir. 1984) ("The federal Declaratory Judgment Act, 28 U.S.C. §2201, is procedural only, not substantive…."). Here there is no underlying cause of action on which the declaratory relief claim is based.

Dated: November 13, 2024

        **GILLMAN CAPONE, LLC**
        Attorneys for Defendant, Vivek Pandit

By: /s/ Justin M. Gillman
     Justin M. Gillman
     Marc C. Capone
     770 Amboy Avenue
     Edison, New Jersey 08837
     (732) 661-1664
     jgillman@gillmancapone.com
     mcapone@gillmancapone.com