UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>VIVEK PANDIT,<br><br>Debtor. | Chapter 11, Subchapter V<br>Case No. 24-16276 (MEH) |
| ITRIA VENTURES LLC,<br><br>Plaintiff,<br><br>v.<br><br>VIVEK PANDIT,<br><br>Defendant. | Adv. Proc. No. 24-01580 (MEH) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION: (A) TO COMPEL DISCOVERY; (B) TO EXTEND THE DISCOVERY END DATE; AND (C) FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

> **SEIDMAN & PINCUS LLC**
> *Attorneys for Itria Ventures LLC*
> 77 Brant Avenue, Suite 202
> Clark, New Jersey 07066
> (201) 473-0047

## INTRODUCTION

Plaintiff Itria Ventures LLC ("Itria"), by its undersigned counsel, respectfully submits this memorandum of law in support of its motion (the "Motion") for entry of an Order: (i) pursuant to Fed.R.Civ.P. 37(a)(3)(B), compelling Vivek Pandit, the debtor and defendant herein (the "Debtor"), to provide responses to Itria's outstanding discovery requests; (ii) extending the discovery end date; and (iii) pursuant to Fed.R.Civ.P. 37(a)(5)(A), requiring the Debtor and/or his attorney to pay Itria's costs and expenses, including reasonable attorneys' fees, incurred in connection with this Motion.[1]  This relief is justified because the Debtor and/or his counsel has failed to provide any responses to discovery requests served by Itria more than four months ago, despite repeated promises to do so.

## FACTS

The relevant facts are fully set forth in the accompanying certification of Andrew Pincus and the exhibits annexed thereto. Those facts are incorporated herein by reference.[2]

## ARGUMENT

### I

### THE DEBTOR SHOULD BE COMPELLED TO PROVIDE RESPONSES TO ITRIA'S DISCOVERY REQUESTS

Rule 37 of the Federal Rules of Civil Procedure permits a party to move to compel disclosure if another party fails to respond to interrogatories, Fed.R.Civ.P. 37(a)(1) and (a)(3)(B)(iii), and/or fails to respond to request for the production of documents, Fed.R.Civ.P. 37(a)(1) and (a)(3)(B)(iv).  The motion must include a certification that the movant has in

---

[1] Fed.R.Civ.P. 37 is made applicable herein by operation of Fed.R.Bankr.P. 7037.

[2] Capitalized terms not defined herein shall be defined as set forth in the accompanying certification.

https://seidmanllc.sharepoint.com/sites/seidmanteam/Shared Documents/General/Itria Ventures, LLC v. Indian Foods & Spices LLC/Bankruptcy - Pandit/non-discharge action/motion to compel discovery/disc compel motion - mol v1.docx

good faith conferred or attempted to confer with the party failing to make disclosure in an effort to obtain it without court action. Fed.R.Civ.P. 37(a)(1).

Itria first served the Debtor with a First Set of Interrogatories, a First Request for the Production of Documents, and a Notice of Deposition by email to the Debtor's attorney on April 10, 2025. The Debtor's attorney expressly acknowledged that he received and read that email. Itria's counsel re-delivered the discovery requests on April 15, 2025, and again on May 20, 2025. Even if the discovery requests were deemed to have been served for the first time on the later of those three dates, the deadline for responses thereto has long since passed. Under Fed.R.Civ.P. 33(b)(2), answers to interrogatories are due within 30 days of service. Under Fed.R.Civ.P. 34(b)(2), written responses to document requests are also due within 30 days after service. Thus, **at best**, the Debtor's responses were due no later than June 19, 2025.

Despite repeated requests by Itria, and repeated attempts by Itria to resolve any scheduling issue that the Detor might have and to compel responses to the requests without court intervention, the Debtor has failed to provide any responses to Itria's requests whatsoever. Neither the Debtor nor his attorney has ever articulated any basis, much less a "substantially justified" one, for their non-compliance with Itria's requests. The Debtor's non-compliance is prejudicial to Itria as discovery is necessary to establish that factual allegations and claims in the complaint. The Debtor's non-compliance accordingly necessitates Court action in accordance with Rule 37(a)(1). See generally, Locascio v. Balicki, 2010 WL 5418906, at *3 (D.N.J. Dec. 23, 2010) ("A motion to compel under Rule 36 is appropriate if a party fails to provide responses to interrogatories or fails to produce requested documents.") (citing Fed.R.Civ.P. 37(a)(3)(B)).

Itria has submitted herewith a certification of Andrew Pincus evidencing his good faith attempt to obtain the discovery without Court action as required by Rule 37(a)(1).

Based on the foregoing, this Court should enter an Order compelling the Debtor to comply with Itria's outstanding discovery requests by a date certain.

## II

### THIS COURT SHOULD EXTEND THE DISCOVERY END DATE

Pursuant to a Second Amended Joint Order Scheduling Pre-Trial Proceedings dated July 3, 2024, the last day for fact discovery is fixed as August 15, 2025. Because of the Debtor's failure to respond to Itria's outstanding discovery requests, Itria will be unable to complete all necessary fact discovery by the August 15, 2025 deadline. Itria accordingly requests an extension of the existing discovery deadline to afford time for the Debtor to provide responses to Itria's outstanding requests, for Itria to review and assess such responses for deficiencies, and for Itria to conduct an examination of the Debtor by deposition.

Any delay in conducting discovery was not the fault of Itria. Itria should not be penalized for the Debtor's failure to comply with his discovery obligations.

Based on the foregoing, this Court should extend the existing discovery deadline by at least 60 days.

## III

### THIS COURT SHOULD REQUIRE THE DEBTOR OR HIS ATTORNEY
### TO PAY ITRIA'S COSTS AND EXPENSES

Under Rule 37, if the Court grants a motion to compel disclosure under Rule 37(a)(1) or if the disclosure is provided after the motion is filed, the Court "must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred

in making the motion, including attorney's fees." Fed.R.Civ.P. 37(a)(5). Notably, under the express language of the Rule, "an award of expenses is mandatory unless the opposing party's response or objection to the discovery was substantially justified or other circumstances make an award of expenses unjust." LightStyles, Ltd. ex rel. Haller v. Marvin Lumber & Cedar Co., 2015 WL 4078826, at *1 (M.D. Pa. July 6, 2015).

Because Itria made a good faith attempt to obtain the discovery without court action before filing the instant motion, and because the Debtor's non-compliance was not substantially justified, this Court should award to Itria the reasonable costs and expenses incurred in connection with this Motion.

## CONCLUSION

For the foregoing reasons, this Court should enter an Order, in the form provided: (i) pursuant to Fed.R.Civ.P. 37(a)(3)(B), compelling the Debtor to provide responses to Itria's outstanding discovery requests by a date certain; (ii) extending the discovery end date; (iii) pursuant to Fed.R.Civ.P. 37(a)(5)(A), requiring the Debtor and/or his attorney to pay Itria's costs and expenses, including reasonable attorneys' fees, incurred in connection with this Motion; and (iv) granting Itria such other and further relief as may be just and proper.

Dated:      August 13, 2025

Respectfully submitted,

**SEIDMAN & PINCUS LLC**
*Attorneys for Itria Ventures LLC*

By : _____
Andrew Pincus
77 Brant Avenue, Suite 202
Clark, New Jersey 07066
(201) 473-0047
ap@seidmanllc.com